**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **NO. 1:14-CR-116** |
| | § | |
| **WAYNE ROSS MAITLAND** | § | |

**REPORT AND RECOMMENDATION ON**
**THE DEFENDANT'S COMPETENCY TO STAND TRIAL**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

In a court order dated January 27, 2016 (Dkt. No. 105), the Honorable Marcia A. Crone, United States District Judge of the Eastern District of Texas, ordered a psychological evaluation of the defendant, Wayne Ross Maitland, to determine competency to proceed in his post-trial matters, pursuant to 18 U.S.C. § 4241 and 4247(b). At issue was whether Maitland was suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his post-trial matters. The referral questions were posed in regard to Maitland's conviction by jury on charges of Kidnapping and Kidnapping of a Minor. The Defendant was subsequently evaluated by Gordon M. Zilberman, Ph.D., Clinical Psychologist at the Federal Correctional Institution in San Diego, California and found competent.

Dr. Zilberman's psychiatric report concludes that "Mr. Maitland is not suffering from a mental disease or defect that would substantially impair his present ability to understand the nature and consequences of the court proceedings brought against him, or substantially impair

his ability to properly assist counsel in a defense.  He is ready to proceed to sentencing."

A competency hearing was conducted on June 2, 2016.  At the hearing, the Defendant appeared in court with his counsel, James Makin.  Mr. Makin did not object to Dr. Zilberman's opinion on competency.  Neither party objected to the admissibility of the psychological report detailing the results and findings, therefore, the court admitted it into evidence under seal.

The undersigned concludes that the Defendant is able to understand the nature and consequences of the proceedings against him and to properly assist his counsel in his post-trial matters, which include sentencing.  The Defendant has a rational and factual understanding of the proceeding against him, and has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding.  18 U.S.C. § 4241(d); see also Dusky v. United States, 362 U.S. 402 (1960)

## RECOMMENDATION

The court should find the Defendant competent to participate in the remaining proceedings, which includes sentencing, because he understands the nature and consequences of the proceeding against him and is able to assist in his defense.  See 18 U.S.C. § 4241.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation.  Objections to this report must:  (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report.  See 28 U.S.C. § 636(b)(1)(c); FED R. CIV. P. 72(b)(2).  A party who objects to this report is entitled to a de novo determination by the United States District Judge of those proposed findings and

recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 6th day of June, 2016.

_____
Zack Hawthorn
United States Magistrate Judge